**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS**

| | |
|---|---|
| LINDA COX, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>QUIKTRIP, CORPORATION, )<br>)<br>        Defendant. )<br>                                    ) | Case No. |

## **COMPLAINT**

COMES NOW Plaintiff, LINDA COX, by and through counsel, William L. Barr, Jr. of Bull Attorneys, P.A., and for Plaintiff's claims against Defendant, QUIKTRIP, CORPORATION, alleges and states:

1. Plaintiff, LINDA COX, is a resident and citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, QUIKTRIP CORPORATION (QUIKTRIP), is a Foreign Corporation incorporated under the laws of the State of Oklahoma and has its headquarters in Oklahoma. QUIKTRIP maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(pi) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on July 16, 2020 Defendant, QUIKTRIP, was in the business of owning and

operating retail convenience stores in Wichita, Kansas and throughout the United States.

6. Prior to and on July 16, 2020 Defendant, QUIKTRIP, owned and maintained a retail convenience store at 11223 E Central Ave, Wichita, KS 67206.

7. Prior to and on July 16, 2020 employees of Defendant, QUIKTRIP, placed an unsecured rug in front of the entrance/exit to this retail convenience store where customers walked to enter and exit the store.

8. On July 16, 2020 Plaintiff, LINDA COX, entered the above-mentioned retail convenience store, as a business customer and was at all times herein relevant in the exercise of reasonable care for his own safety.

9. On July 16, 2020 Plaintiff, LINDA COX, was entering the above-mentioned retail convenience store of Defendant, QUIKTRIP, when she was caused to trip, and fall.

10. On July 16, 2020 Plaintiff, LINDA COX, was injured by the above-mentioned unsecured loose rug that had been placed in front of entrance to the above-mentioned QUIKTRIP retail convenience store.

11. For all allegations contained in this complaint the acts and omissions of the employees, agents, independent contractors and servants are the acts and omissions of Defendant, QUIKTRIP, under the doctrines of *Respondeat Superior* and Vicarious Liability.

12. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, QUIKTRIP, are the actions and omissions of Defendant, QUIKTRIP, both individually and under the doctrines of *Respondeat Superior* and Vicarious Liability which upon information and belief, were negligent, and wanton and include the following:

   a) Failed to use ordinary and reasonable care to maintain its premises in a safe

       condition for customers;

b)     Placed an unsecured rug on the floor of its retail convenience store in a high traffic area of its premises;

c)     Created a dangerous trip hazard by placing a loose rug in front of the main entrance to its retail convenience store;

d)     Failed to train its employees to identify trip hazards and remove them from high traffic areas in its retail convenience store;

e)     Failed to train its employees to remove customer trip hazards from high traffic areas of its retail convenience store;

f)     Allowed a dangerous unmarked trip hazard to remain in front of the main entrance to its branch office;

g)     Failed to maintain its entrance/exit floor area in a reasonably safe condition;

h)     Failed to check for dangerous trip hazards in high traffic areas of its branch office;

i)     Failed to remove a dangerous trip hazard which it created or allowed in its branch office;

j)     Failed to supervise inspection and maintenance of its entrance/exit floors;

k)     Failed to utilize properly backed mats at its store entrance;

l)     Failed to utilize a safety system to check for trip hazards, maintenance concerns and/or floor trip hazards that could cause injury to customers when Defendant knew or reasonably should have known that an unsecured rug in front of the entrance/exit area of its branch office could cause harm to customers entering its retail convenience store;

m)     Failed to use ordinary and reasonable care in the maintenance of the premises as

        required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

n)      Negligent hiring, retention, qualification, supervision, and training of its managers, employees, agents, independent contractors and supervisory personnel;

o)      Defendant and its respective agents, employees and representatives was negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisor personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to retail store management and supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their managers, employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their managers, employees, agents, and independent contractors, including, but not limited to the branch manager at the branch office where the fall occurred. Defendant negligently and wantonly failed to use reasonable care in hiring, selecting, training, monitoring, and retention of its managers, employees and agents, including, but not limited to supervisory personnel. Defendant, knew or reasonably should have known that it was not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated its duty to hire safe and competent

       managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that its managers, employees, agents and independent contractors including, but not limited to its supervisory personnel, created and were an undue risk of harm to its customers including Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate its managers, employees, agents, and independent contractors, including its supervisory personnel;

p) Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused injuries to Plaintiff;

q) Failed to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow it to determine if its safety program was comprehended and understood by its managers, employees, agents, independent contractors and supervisory personnel and was set up to inspect the premises and floors for hazards properly; and

r) Other negligent actions and omissions that will be supplemented during the course of discovery.

13. As a proximate result of the negligent actions and omissions of the Defendant, QUIKTRIP, individually and by its employees, agents, independent contractors and servants the plaintiff, LINDA COX, was caused to fall resulting in severe and permanent injuries to her body including injuries to her left hand, arm, shoulder, cervical spine, thoracic spine and lumbar spine, facet arthropathy, nerve tissue damage with numbness; she has undergone arthroscopic

shoulder surgery; she may also have aggravated pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, additional medical expenses, economic loss, permanent disfigurement and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, LINDA COX, prays for judgment against Defendant, QUIKTRIP, CORPORATION, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
bill@bullattorneys.com
*Attorneys for Plaintiff*

6

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr, #26775